## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ALEX DARRELL DOZIER**<br>*Plaintiff,* | §<br>§<br>§ | |
| | § | **Civil Action No.** _____ |
| **vs.** | § | |
| | § | |
| **JEREMY DEBORD and THE SYGMA** | § | |
| **NETWORK, INC.** | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, **Alex Darrell Dozier**, Plaintiff in the above-entitled and numbered cause of action, complaining of Defendants **Jeremy Debord and The Sygma Network, Inc.** (collectively referred to herein as "Defendants") and in support thereof would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Alex Darrell Dozier ("Plaintiff") is an individual who is a citizen of the State of Texas.

2. Defendant Jeremy Debord ("Debord"), an individual and a citizen of the State of Michigan, may be served with process pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) by hand delivery of summons and complaint to the defendant in person or by Federal Rule of Civil Procedure 4(e)(2)(B) by leaving the summons and complaint at the defendant's dwelling with a person of suitable age and discretion who resides there at **6032 Victoria Street, Belleville, Michigan 48111**.

3. Defendant The Sygma Network, Inc. ("Sygma") is a corporation that is incorporated under the laws of Delaware. This Defendant is subject to the Federal Motor Carrier Safety Regulations. This Defendant may be served with process pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) by serving its registered agent, **Corporation Service Company** at **211 E. 7th Street, Suite 620, Austin, TX 78701**.

## II. JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $ 75,000, excluding interest and cost.

## III. VENUE

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and 1391(d) because Defendant Sygma maintains sufficient contacts in this district to subject it to personal jurisdiction as if this district were a state.

## IV. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## V. FACTS

7. On or about January 2, 2015 at approximately 9:25 p.m., William Dozier was driving a Kia Sephia ("the Kia") eastbound in the far right-hand lane of Cleveland Road in South Bend, Indiana. Plaintiff Alex Dozier rode with William Dozier as a front-seat passenger. William Dozier came to a stop at a red light at the Cleveland Road – Bendix Drive intersection. Stopped directly behind them was Jeremy Debord, who was driving a tractor-trailer ("the tractor-trailer") owned by Defendant Sygma and in the course and scope of his employment with Defendant Sygma. While the light was still red, William

Dozier observed an ambulance travelling westbound on Cleveland Road with its emergency lights flashing, approaching the Cleveland-Bendix intersection. William Dozier remained stopped at the intersection to yield the right of way to the ambulance and to wait for it to safely pass through the intersection. Suddenly and without warning, Jeremy Debord violently rear-ended the Kia. The collision caused the tractor-trailer to jack-knife, and the trailer struck subsequently the Kia Spehia. The collision caused severe personal injury to Plaintiff, for which he now sues.

## VI. DEFENDANT JEREMY DEBORD

8. The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Debord. The conduct of Jeremy Debord constituted negligence as that term is understood in law, and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff made the basis of this suit. Jeremy Debord's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

   a. failing to keep a proper lookout;

   b. failing to timely apply the brakes or failing to apply the brakes at all;

   c. driving while distracted or inattentive;

   d. failing to maintain control of his vehicle;

   e. failing to keep a safe following distance;

   f. failing to take proper evasive action;

   g. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance; and

   h. other acts of negligence and/or negligence per se.

9. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Debord constituted negligence and such negligence was a proximate cause of the occurrence and the injuries suffered by Plaintiff.

## VII. DEFENDANT THE SYGMA NETWORK, INC.

10. At all times material to this lawsuit, Defendant Sygma owned the vehicle driven by Defendant Debord. At all times material to this lawsuit, Jeremy Debord was an employee of Defendant Sygma and was acting within the course and scope of his employment with Defendant Sygma. At all times material to this lawsuit, Defendant Sygma was subject to the provisions of the Federal Motor Carrier Safety Regulations. At all times material to this lawsuit, Defendant Sygma was a statutory employer of Jeremy Debord under the Federal Motor Carrier Safety Regulations. Consequently, Sygma is vicariously liable to Plaintiff for the negligent and/or negligent *per se* conduct of Defendant Debord under both common law and statutory law.

11. At all times material hereto, Defendant Sygma was subject to the provisions of the Federal Motor Carrier Safety Regulations and as such owed a duty to follow those regulations, including but not limited to those addressing qualifying drivers, monitoring driver qualification files, drug testing, and supervision. The independent conduct of Defendant Sygma constitutes negligence and/or negligence *per se* as that term is known in law. Such negligent and/or negligent *per se* acts or omission include, but are not limited to the following:

    a. hiring and/or retaining Defendant Debord whom it knew or should have known was a reckless or incompetent driver;

    b. entrusting a vehicle to Defendant Debord whom it knew or should have known was a reckless or incompetent driver;

    c.   failing to properly train Defendant Debord in safe motor vehicle operation;

    d.   failing to properly supervise Defendant Debord's driving activities;

    e.   failing to properly qualify Defendant Debord; and/or

    f.   other acts of negligence and/or negligence *per se*.

12. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Sygma constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VIII. GROSS NEGLIGENCE OF DEFENDANTS JEREMY DEBORD AND THE SYGMA NETWORK, INC.

13. Plaintiff contends that on the occasion in question, Defendants committed acts of omission and commission, which are more carefully described in paragraphs 8 and 11 of this Complaint, which collectively and severally constituted gross negligence under Chapter 41 of the Texas Civil Practice and Remedies Code.

14. The conduct of Defendants amounted to gross negligence to the extent that their acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

## IX. DAMAGES

15. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence *per se* Defendants, Plaintiff sustained

significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

16. Plaintiff respectfully requests that the trier of fact determine the amount of Plaintiff's damages and losses that Plaintiff has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.  Physical pain and mental anguish;

    b.  Lost wages

    c.  Loss of earning capacity;

    d.  Disfigurement;

    e.  Physical impairment;

    f.  Medical care expenses; and,

    g.  Out-of-pocket economic losses.

17. Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now bring suit.

18. Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which Plaintiff may be entitled.

19. Because of the grossly negligent conduct of Defendants, Plaintiff seeks recovery for exemplary damages. Exemplary damages means any damages awarded as a penalty or by way of punishment. Exemplary damages include punitive damages. In determining the amount of exemplary damages the trier of fact should consider the following:

  a.   The nature of the wrong;

  b.   The character of the conduct involved;

  c.   The degree of culpability of the wrongdoer;

  d.   The situation and sensibilities of the parties concerned;

  e.   The extent to which such conduct offends a public sense of justice and propriety; and

  f.   The net worth of the Defendant.

20. Plaintiff alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against each Defendant to two (2) times the amount of economic damages plus an amount equal to any noneconomic damages found by the trier of fact, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it violates:

  a.   Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process and equal protection;

  b.   Article One, Section Three of the Texas Constitution, which guarantees equal protection of the laws;

  c.   Article One, Section Thirteen of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law;

  d.   Article One, Section Nineteen of the Texas Constitution, which guarantees due course of law;

  e.   Article Two, Section One of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, probating the legislature from exercising power properly attached to the judiciary;

  f.   Article Three, Section Fifty-Six of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and/or

  g.   Article One, Section Fifteen, and Article Five, Section Ten of the Texas

Constitution, which guarantee the right to trial by jury in civil cases.

### X. DEMAND FOR JURY TRIAL

21. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff Alex Darrell Dozier prays that Defendants Jeremy Debord and The Sygma Network be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recover damages against Defendants in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

BY: _____
**J. MARTIN FUTRELL**
Texas State Bar No. 24085777
E-mail: mfutrell@jimadler.com
The Tower at City Place, Lock Box 40
2711 N. Haskell Avenue, Suite 2500
Dallas, Texas  75204-2887
Telephone:     (214) 220-3203
Facsimile:     (214) 220-3245

**ATTORNEYS FOR PLAINTIFF**