UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEX DARRELL DOZIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-2783-B |
| | § | |
| THE SYGMA NETWORK, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant The Sygma Network, Inc.'s (1) Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) and 12(b)(3) (Doc. 10), and (2) Motion to Dismiss Pursuant to F.R.C.P. 12(b)(7) and 19(b) (Doc. 17). For the reasons that follow, the Court finds the former Motion to be **MOOT**, and **DENIES** the latter Motion.

### I.

### BACKGROUND

This case arises from a rear-end collision in South Bend, Indiana, between Plaintiff Alex Darrell Dozier ("Dozier") and Jeremy Debord, an employee of Defendant The Sygma Network, Inc. ("Sygma"). Doc. 14, Am. Compl. ¶ 7. At the time of the collision, Debord was driving a truck owned by Sygma, and was allegedly acting within the course and scope of his duties as a Sygma employee. *Id.* Dozier suffered injuries in the crash, and now brings this lawsuit against Sygma to recover damages. *Id.*

In his Original Complaint, Dozier sued both Sygma and Debord for negligence and gross negligence. Doc. 1, Original Compl. After Sygma and Debord moved to dismiss the case for lack of

personal jurisdiction and improper venue, Dozier dismissed Debord as a defendant and filed his Amended Complaint solely against Sygma on a *respondeat superior* theory. Doc. 10, Defs.' Mot. to Dismiss Pursuant to F.R.C.P. 12(b)(2) and 12(b)(3) [hereinafter "First MTD"]; Doc. 13, Pl.'s Notice of Dismissal; Doc. 14, Am. Compl. Sygma now moves to dismiss the Amended Complaint based on Dozier's failure to join Debord, who, Sygma argues, is a necessary party under Federal Rule of Civil Procedure 19(a). Doc. 17, Def.'s Mot. to Dismiss Pursuant to F.R.C.P. 12(b)(7) and 19(b) [hereinafter "Second MTD"].[1] Dozier has responded to both motions. Doc. 15, Pl.'s Br. in Resp. to Mot. to Dismiss Pursuant to F.R.C.P. 12(b)(2) and 12(b)(3) [hereinafter "Pl.'s First Resp."]; Doc. 18, Pl.'s Resp. to Def.'s Mot. to Dismiss Pursuant to F.R.C.P. 12(b)(7) and 19(b) [hereinafter "Pl.'s Second Resp."]. The time for a reply has passed, and thus the motions are ready for review.

## II.

## LEGAL STANDARD

Under Rule 19, a person must be joined as a party when (1) the person's absence will prevent the court from "accord[ing] complete relief among existing parties," or (2) the person has an interest in the subject of the case, and disposing of it in the person's absence will either "impair or impede the person's ability to protect the interest," or create a risk of multiple or inconsistent obligations for an existing party because of the interest. Fed. R. Civ. P. 19(a)(1). Failure to join a required person is grounds for dismissal. *See* Fed. R. Civ. P. 12(b)(7). If it is not feasible to join the required person, a court "must determine whether, in equity and good conscience, the action should proceed among

---

[1] Sygma's Second MTD joins its first under Fed. R. Civ. P. 12(g)(1). Doc. 17, Second MTD ¶ 3. The First MTD, however, is based on Debord's presence in the litigation. Consequently, the Court finds the First MTD to be **MOOT** in light of Dozier's dismissal of Debord as a defendant.

the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Four factors are relevant to this analysis: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) the degree to which "protective provisions in the judgment," "shaping the relief," or "other measures" might mitigate any prejudice; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.*

"[C]ourts are reluctant to grant motions to dismiss of this type." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359 (3d ed. 2004). A court deciding a Rule 12(b)(7) motion "must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." *Id.* Furthermore, the party seeking dismissal "has the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)).

### III.

### ANALYSIS

The parties disagree about whether Debord is a required party under Rule 19. Because the Court finds that he is not, dismissal is unwarranted.

Dozier has invoked the Court's diversity jurisdiction in this case. Doc. 14, Am. Compl. ¶¶ 3–4. Under the *Erie* doctrine, "federal courts apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). The joinder rules are procedural, and

thus Rule 19 controls here. In this case, though, the necessity of joinder implicates a state law question. It is well-established that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (quoting Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment); *see also August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732–33 (5th Cir. 2005). Whether a tortfeasor is jointly and severally liable, however, is a question of state law—thus, the Court must determine which state's law applies in this case.

The parties have not addressed the choice-of-law issue, even though the injury and the conduct that led to it occurred in Indiana, Dozier is a citizen of Texas, and Sygma is incorporated in Delaware. Doc. 14, Am. Compl. ¶¶ 1–2. In determining which law to apply, the Court must rely upon Texas's choice-of-law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 620 (5th Cir. 2014). "In Texas, courts only undertake a choice-of-law analysis if there is a conflict of law that actually affects the outcome of an issue." *Sulak v. Am. Eurocopter Corp.*, 901 F. Supp. 2d 834, 841 (N.D. Tex. 2012) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984)). Here, there is no such conflict: in Texas, Indiana, and Delaware, employers are jointly and severally liable with employees for any damages recovered under *respondeat superior* theories. *See Pierre v. Swearingen*, 331 S.W.3d 150, 154–55 (Tex. App.—Dallas 2011, no pet.); *Henry B. Steeg & Assocs., Inc. v. Rynearson*, 241 N.E.2d 888, 890 (Ind. App. 1968); *see also N.Z. Kiwifruit Mktg. Bd. v. City of Wilmington*, 825 F. Supp. 1180, 1191–92 (D. Del. 1993) (stating that an employer held liable for his employee's negligence can seek indemnification from the employee as a joint tortfeasor). Thus, the Court need not decide which state's law controls the analysis.

In addition to obviating the need for a choice of law determination, this analysis demonstrates that Sygma would be jointly and severally liable with Debord for the latter's negligence. Debord is therefore "merely a permissive party." *Temple*, 498 U.S. at 7. Accordingly, this case does not implicate Rule 19(b), and dismissal would be inappropriate.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Sygma's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(7) and 19(b) (Doc. 17), and finds its Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) and 12(b)(3) (Doc. 10) to be **MOOT**.

**SO ORDERED.**

**SIGNED: March 14, 2016.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE